███████████████████████

██████████████████████████

### IN THE UNITED STATES COURT OF FEDERAL CLAIMS
### (BID PROTEST)

| | |
|---|---|
| **MYRIDDIAN, LLC** | ) |
| | ) |
| **Plaintiff,** | ) |
| | )    No. |
| v. | ) |
| | )    ████████████████ |
| **THE UNITED STATES,** | ) |
| | ) |
| **Defendant.** | ) |

### VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Myriddian, LLC ("Plaintiff") by its undersigned attorneys, hereby submits its complaint and states and alleges as follows:

### NATURE OF THIS ACTION

1. This is a bid protest action by an interested party objecting to a decision by the Department of Health & Human Services, Centers for Medicare & Medicaid Services, 7500 Security Boulevard, Mail Stop B3-30-03, Baltimore, Maryland 21244-1850 (the "Agency") to award a contract to Cloud Harbor Economics, LLC (the "Awardee") and not to award a contract to Plaintiff under Solicitation No. 75FCMC22R0035 (the "Solicitation"). This action seeks declaratory and injunctive relief.

### JURISDICTION

2. This court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1491(b)(1).

### PARTIES

████████████████████████████████

████████████████████████████

3.      Plaintiff is a limited liability company organized under the laws of the State of Maryland. Plaintiff's principal place of business is located at 8510 Corridor Rd, Suite #100, Savage, MD 20763.

4.      Plaintiff is engaged in the business of supporting federal agencies in several key technical and managerial capacities, as well as providing a wide range of professional services to private sector companies.

5.      With respect to the procurement that is the subject of this protest, the United States has acted through the Agency.

## SOLICITATION

6.      This is a competitive 8(a) procurement 8(a) set-side under NACIS code 541990s to support the Centers for Medicare & Medicaid Services (CMS) National Correct Coding Initiative (NCCI) program by maintaining and further expanding all of the NCCI correct coding edits and other methodologies to ensure that consistent coding and adjudication of Medicare and Medicaid claims lead to consistent payments to providers in accordance with the payment policies of those programs; and enable CMS and states to meet the Medicaid program requirements as outlined in section 6507 of the Patient Protection and Affordable Care Act (PPACA).Award of a firm fixed-price contract was to be made to the responsible offeror whose offer conforms to the Solicitation.

7.      The Solicitation states that the Agency intends to award a single contract.

8.      The period of performance is to consist of a one-year Base Period, three, one-year Option Periods, one ten-month Option Period, and a three-month Transition Out.

9.      The Solicitation stated that award would be made using the best value trade-off source

██████████████████████████████████

████████████████████████████

selection conducted in accordance with FAR Part 15.

10.     The following factors are listed in descending order of importance: Factor 1, Technical Understanding & Approach – Scenario Response, Factor 2 Key Personnel and Staffing Plan, and Factor 3, Past Performance. When combined, these factors are significantly more important than Price.  Solicitation at 58-9.

11.     The Government was to assess its level of confidence for each Technical Factor and assign a confidence rating of High Confidence, Neutral Confidence or Low Confidence for each factor referenced above.  Id. at 59.

12.     The Government was supposed to conduct the evaluation and selection process utilizing a two-phased approach as follows:

> Phase 1: Offerors' submissions of the Technical Understanding & Approach- Scenario Response under Technical Evaluation Factor 1 will be evaluated in accordance with Section M.5 in this phase. Those Offerors who receive a rating of "Neutral Confidence" or better for Factor 1 will move on to Phase 2 of the evaluation. Those Offerors who do not receive a rating of at least "Neutral Confidence" for Technical Evaluation Factor 1 will no longer be considered for award and will be notified via e-mail that they have been removed from further consideration.
>
> Phase 2: Offerors proposals that are rated "Neutral Confidence" or better for Technical Evaluation Factor 1- Technical Understanding & Approach- Scenario Response, in Phase 1, will move on to Phase 2, which will include an evaluation of Technical Evaluation Factors 2 & 3 in accordance with Section M.5 and an evaluation of their Business Proposal in accordance with Section M.6. The ratings from Phase 1 and Phase 2 will be used in making a "Best Value" decision in accordance with Section M.3.

Solicitation at 58.

13.     The Price was to be evaluated as follows:

> The Government will evaluate the price information submitted in each Offeror's price proposal, as required by Section L, through one or more various price analysis techniques in order to determine that the proposed price is fair and reasonable IAW with the proposal

███████████████████████████████████

██████████████████████████████

analysis techniques described in FAR 15.404-1. The Contracting Officer reserves the right to conduct a price realism analysis to ensure that the Offeror understands the requirements and is not proposing an excessively risky approach. Evaluation of the option periods will not obligate the Government to exercise the option(s).

PRICE COMPETITION

The Contracting Officer has determined there is a high probability of adequate price competition in this acquisition. Upon examination of the initial offers, the Contracting Officer will review this determination and if adequate price competition exists, no additional cost information will be requested and certification under FAR 15.406-2 will not be required. In accordance with FAR 15.403-1(b) and 15.403-3(a), data other than certified cost or pricing data may be required to support a determination of price or cost reasonableness and cost realism. If after receipt of proposals the Contracting Officer determines that there is insufficient data available to determine price reasonableness and none of the exceptions in FAR 15.403-1 apply, the Offeror shall be required to submit additional cost or pricing data.

Id. at 62.

14.    For Factor 3: Past Performance (Phase 2) the Solicitation stated the following:

CMS will evaluate the Offeror's and proposed significant subcontractor(s) past performance information (See submission for definitions of relevant and significant subcontractor), which is expected to demonstrate the likelihood that the prospective contract will be performed successfully.

The CO reserves the right to limit its review of past performance information to what he/she has been determined to be relevant. The Offeror is advised that the Contracting Officer, using sound business judgment, may consider Federal contract past performance to be more relevant than State Agencies, Local Government or Commercial Customer performance RFP-75FCMC22R0035_0001 National Correct Coding Initiative assessments.

In the case of an Offeror without a record of relevant past performance, or for which information on past performance is not available, the Offeror's Past Performance may not be evaluated favorably or unfavorably.

Id. at 61-2.

15.    Offerors and all their significant subcontractor(s) identified in the proposal were required

to provide a summary in a table format to disclose no more than three total for the prime contractor

████████████████████████████

██████████████████████████

and no more than two total for each significant subcontractor(s) of the following for the past performance information with a period of performance end date within the last three years of the date of this solicitation:

1. All CMS contracts/task orders greater than the simplified acquisition threshold

2. All Relevant contracts/orders entered into with:

o Other Federal Government Agencies,

o State Agencies,

o Local Governments, and

o Commercial Customers

Id. at 54

16. Relevant past performance information is described in FAR 42.1501, and 'relevant' is also past performance information which is similar in size, scope and complexity to this contract. RFP-75FCMC22R0035_0001 National Correct Coding Initiative.  Id. at 53.

17. Significant Subcontractor is "[a" subcontractor performing major or critical aspects of the requirements relevant to the prospective contract."  Id. at 54.

## PLAINTIFF'S DEBRIEFING

18. On March 9, 2023, Plaintiff received the Agency's notice of award letter, which informed it that the Agency had made a contract award to the Awardee.

19. Later, following the Plaintiff's timely request, the Agency provided Plaintiff's written debriefing, dated March 14, 2023 ("Debriefing Letter").

20. The Debriefing Letter provided the ratings that the Agency gave both the Plaintiff and the



Awardee under the Solicitation's evaluation factors.

21. Below is the overall evaluated cost or price (including unit prices) and technical rating of the Plaintiff and the Awardee

| Technical Evaluation Factors (Listed in descending order of importance) | Cloud Harbor's Ratings | Myriddian's Ratings |
|---|---|---|
| Factor 1 - Technical Understanding and Approach – Scenario Response | High Confidence | |
| Factor 2 - Key Personnel and Staffing Plan | Neutral Confidence | |
| Factor 3 - Past Performance | High Confidence | |
| Price | $11,079,372.43 | |

22. It provided the strengths and weaknesses the Agency identified when evaluating the Plaintiff's proposal. No significant weaknesses nor deficiencies were identified.

23. The Debriefing Letter did not identify any of the strengths, weaknesses, significant weaknesses and deficiencies that the Agency found when evaluating the Awardee's proposal.

24. According to the Agency, "[b]ased on a thorough review of all aspects of each Offeror's technical proposal and price, the trade-off determined that Cloud Harbor proposed the best overall value to the Government." Debriefing Letter at 4.

## COUNT ONE – AGENCY IMPROPERLY EVALUATED PROPOSALS UNDER FACTOR 3 – PAST PERFORMANCE

25. Plaintiff realleges paragraphs 1-24 as if set forth fully herein.

26. The Agency gave Awardee a rating of High Confidence under Factor 3 – Past Performance.

27. However, based upon publicly available information, the Awardee has no prime past performance.

28. Therefore, it failed to submit relevant contracts that were similar in size, scope and

6

████████████████████████████████

████████████████████████

complexity to this contract, much less any past performance references at all.

29.     Consequently, since the Awardee had to submit three past performance contracts it received a rating that was too high.

30.     The Awardee should have received a rating of Neutral Confidence or Low Confidence.

31.     ████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████

## COUNT TWO – AGENCY IMPROPERLY
## PERFORMED A COST-TECHNICAL TRADEOFF

32.     Plaintiff realleges paragraphs 1-31 as if set forth fully herein.

33.     Factors 1, 2 and 3 were supposed to be weighed in descending order of importance.

34.     ██████████████████████████████████

35.     ████████████████████████████████████████

████████████████████████████████████████

36.     ████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

37.     The Solicitation was very clear that the Government intended to award one Firm-Fixed Price contract using a Best Value Tradeoff Process as described in FAR Part 15.101-1 "Tradeoff Process."

38.     Under this tradeoff technique the Government was allowed to consider award to other than the lowest priced/cost Offeror as it permits tradeoffs among cost/price and non-cost/price

Protected Information to Be Disclosed Only in Accordance
With U.S. Court of Federal Claims Protective Order

evaluation factors.

39.     The Solicitation specifically stated that the "Government is more concerned with obtaining superior technical/management features than with making an award at the lowest overall cost to the Government."

40.     Here the three technical Factors, when combined, are significantly more important than cost or price.

41.     ███████████████████████████████████████████████

███████████████████████████████████████████████

## COUNT THREE – AGENCY IMPROPERLY EVALUATEDTHE AWARDEE'S PRICE

42.     Plaintiff realleges paragraphs 41 as if set forth fully herein.

43.     The contract award price is $11,079,372.43.

44.     This is significantly under the contract amount of the current contract held by Capitol Bridge, $14.8 million.

45.     ███████████████████████████████████████████

46.     As stated earlier, the Government was supposed to evaluate the price information submitted in each Offeror's price proposal, as required by Section L, through one or more various price analysis techniques in order to determine that the proposed price is fair and reasonable IAW with the proposal analysis techniques described in FAR 15.404-1.

47.     The Contracting Officer reserved the right to conduct a price realism analysis to ensure that the Offeror understands the requirements and is not proposing an excessively risky approach.

48.     Here the Contracting Officer should have conducted a price realism analysis to ensure that

███████████████████████████████

██████████████████████████████

the Awardee understands the requirements and is not proposing an excessively risky approach.

49.     Due to the low price submitted by the Awardee, the Contracting Officer should have found that it did not understand the requirements and proposed an excessively risky approach.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays that this Court enter judgment in favor of Plaintiff and against Defendant as follows:

1.     Find and declare that the Agency's actions in evaluating Plaintiff's and Awardee's proposal and not awarding a contract to Plaintiff under the Solicitation were irrationally based, arbitrary, capricious, and contrary to applicable statutes and regulations;

2.     Enter a preliminary injunction, followed by a permanent injunction, to (a) require the Agency to properly evaluate Plaintiff's proposal and (b) enjoin the Agency, its officers, agents and employees, and all other persons in active concert or participation with them, from proceeding with any activities relating to the award of the contract to the Awardee or administration of that contract under the Solicitation until this proceeding is complete;

3.     Award Plaintiff its costs and attorney's fees in this action as allowed by law; and

4.     Grant such other and further relief as the Court deems just and equitable.

Respectfully Submitted,

*John R Tolle*

_____
John R. Tolle
Baker, Cronogue, Tolle & Werfel, LLP
1320 Old Chain Bridge Road, Suite 410
McLean, Virginia  22101
(703) 448-1810 (ext. 17) - Telephone

9

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

(703) 448-3336 - Facsimile
jtolle@bctwlaw.com - email
Attorney of Record

Counsel for Plaintiff

Dated: March 29, 2023



## VERIFICATION

I verify, under penalty of perjury, that the statements made in the foregoing Complaint are true and correct to the best of my knowledge and belief.

03/29/23

_____

Date Executed

Myriddian, LLC
8510 Corridor Rd, Suite #100
Savage, MD 20763
Tel:( 410) 913.9563
Email:

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 30th day of March 2023, I caused a true and correct copy of the foregoing COMPLAINT to be sent by the delivery method indicated below to the following:

United States Department of Justice (*via e-mail*)
Commercial Litigation Branch
1100 L Street, NW, 8th Floor
Washington, DC 20530
E-Mail: nationalcourts.bidprotest@usdoj.gov



_____
John R. Tolle
Baker, Cronogue, Tolle & Werfel, LLP
1320 Old Chain Bridge Road, Suite 410
McLean, Virginia 22101
Voice: 703.448.1810, ext. 17; Facsimile: 703.448.3336
*jtolle@bctwlaw.com*

*Counsel of the Plaintiff*